IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICKEDA BARNES,<br><br>Plaintiff,<br><br>v.<br><br>ABM AVIATION, Inc.;<br>DELTA AIRLINES, INC.;<br>RIAC INC.; and CITY OF WARWICK<br><br>Defendants. | 26-cv-722-JJM-RLA |

**ORDER**

Mickeda Barnes has filed, along with her Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). No IFP Motion can be granted unless the Complaint meets the *Iqbal* standard.

This Complaint requires significant amendment to state a plausible claim for relief. As it is written now, it is simply a listing of federal and state statutes allegedly violated. In the Statement of Claim section, Ms. Barnes recounts steps she took, presumably to seek remedies. Nowhere in the Complaint are there statements of factual support to sustain any of the alleged violations.

While every *pro se* Plaintiff like this one is entitled to a certain latitude in pleadings, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), she nonetheless must adhere to basic rules of procedure. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). In an Amended Complaint, which she may file on or before December 10, 2026, she should keep the following in mind:

1. Pursuant to Fed. R. Civ. P. 8(a), a Complaint should consist of a short and plain statement showing entitlement to relief. Although it should be "short," it must contain sufficient factual assertions to back up the allegations of violation of federal and state law. It should describe what happened to the Plaintiff that leads her to believe federal and/or state law was violated.
2. The Complaint must include factual statements, each in a numbered paragraph, and each paragraph should contain a description of a single event.
3. The Complaint must make clear which defendant(s) performed each act alleged and make clear which defendant(s) allegedly violated which statute.
4. Essentially, a Complaint must answer the foundation questions of what happened, specifically who did what, when were the acts done, and how was the plaintiff injured?
5. The Complaint alleges that the Plaintiff is "owe[d] money for employment wages … ." ECF No. 1 at 3. Does the Plaintiff intend to allege a violation of either state or federal wage protection statutes (Rhode Island Fair Employment Practices Act or United States Fair Labor Standards Act)? Race discrimination is alluded to; does the Plaintiff intend to allege a violation of

Title VII? If so, as with the other statutory violations claimed, an Amended Complaint must set forth a clear factual narrative that supports those allegations. The Court notes that there is no reference in the Complaint to any attempt to exhaust administrative remedies.[1]

6. ECF No.1-2 consists of a police report of an incident occurring on October 5, 2008, and corresponding medical reports. The Complaint, however, reveals no connection between that incident and the legal claims contained in the Complaint. The Court is unable to determine whether the incident of October 5, 2008, is connected in any way to the allegations in the Complaint. In addition, different statutory remedies may have differing statutes of limitations, but because the incident of October 5, 2008 – which may be well beyond any limitations period – is not connected to the allegations of the Complaint, it is impossible to assess its impact on any temporal limitation.

The Plaintiff is afforded until December 10, 2026, to file an Amended Complaint if she chooses to. If no Amended Complaint is filed by that date, or if an Amended Complaint is filed but does not satisfy the plausible claim standard, the case will be DISMISSED. The IFP Motion is deferred.

---

[1] FEPA, for example, requires that a charge first be brought before the Rhode Island Commission on Human Rights "within one year of the allegedly unlawful employment practice." *Kriegel v. State of Rhode Island, Dept. of Corrections*, 266 F. Supp. 2d 288, 294 (D.R.I. 2003)

IT IS SO ORDERED:

JOHN J. MCCONNELL, JR.,
Chief Judge
United States District Court

October 23, 2026